## Case No. 6,610.

### In re HOLLENSHADE.

[2 Bond, 210; [2] 2 N. B. R. 651.]

District Court, S. D. Ohio. Oct. Term, 1868.

DISCHARGE IN BANKRUPTCY — FRAUDULENT PREFERENCE—DUTY OF ASSIGNEE.

1. Payments of money to preferred creditors, or transfers or conveyances of property, by one adjudicated a bankrupt on his own petition, made before the passage of the bankrupt act of March 2, 1867 [14 Stat. 517], though fraudulent, are not a bar to the discharge of the bankrupt.

2. Section 29 of the act, specifying what shall be a bar to a discharge, clearly distinguishes between fraudulent acts committed before and after the passage of the act.

3. As to fraudulent transfers prior to the passage of the act, section 35 shows it was not the intention of congress they should, with one exception, constitute a bar to a discharge. That section provides that all fraudulent transfers, etc., shall be void, and makes it the duty of the assignee to sue for and recover, for the benefit of creditors, all property of the bankrupt fraudulently assigned or conveyed.

In bankruptcy.

Henry Snow and Wm. B. Caldwell, for bankrupt.

Thomas Bartley and R. M. Corwine, for creditors.

OPINION OF THE COURT. Jacob W. Hollenshade has been adjudged a bankrupt, on his own petition, and has filed his application with the register for his discharge. Notice of this application has been given to his creditors, and a portion of them have filed objections to his discharge. John W. Sibbett, one of the creditors, has set out, at great length and with great particularity, the grounds of his opposition to the discharge of the bankrupt. Sylvester W. Bard, and several other creditors, have joined, in a separate paper, in a statement of their objections to his discharge. As both these papers contain the same grounds of opposition, it will be unnecessary to note them separately. Both set forth nine reasons against a discharge. To seven of these Hollenshade has filed exceptions in the nature of a demurrer. And the question, therefore, for the decision of the court is, whether the seven exceptions, or any portion of them, if the facts stated are true, are a legal bar to the discharge of the bankrupt.

For the purposes of a decision of the question before the court, it will not be necessary to notice, in detail, the facts set out in the objections on file. Those excepted to aver sundry transfers and conveyances of property, and payments, by Hollenshade, in the early part of February, 1867, with the knowledge of his insolvency and in contemplation of bankruptcy, to certain favored creditors, and with intent fraudulently to prefer them to other creditors. There is also an averment that, at the same time, and with the same fraudulent intent, the said Hollenshade conveyed to his wife large amounts of property, real and personal. These, it is alleged by the objecting creditors, are in contravention of the spirit and intent of the bankrupt act of March 2, 1867, and sufficient, in law, to prevent the discharge of the bankrupt. The single question to be decided is, whether payments, or transfers and conveyances of property, made prior to the passage of the bankrupt act by one in insolvent circumstances, and with the unconcealed purpose of preferring a part of his creditors, constitute a legal objection to his dis-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

charge. The decision of this question depends wholly on the provisions of the statute. If they are plain and intelligible, nothing is left to the decision of the court, whatever may be its views of the policy of the statutory enactments.

Section 29 of the bankrupt act sets forth, at great length, and with studied regard to detail, the grounds or reasons which shall prevent a bankrupt from obtaining a final discharge. There are no less than seventeen acts enumerated in that section, any one of which will bar a discharge. The section is too long to be quoted at length, nor is it necessary to a decision of the question before the court. With a single exception, the acts enumerated must have transpired since the passage of the bankrupt act. That exception is found in the following clause: "Or if within four months before the commencement of such proceedings (that is, filing his petition in bankruptcy), he has procured his lands, goods, money, or chattels to be attached, sequestered, or seized on execution." The section then proceeds, "or if, since the passage of this act," he has been guilty of any of the acts specified, he shall not receive a discharge. Among these acts, the following, relating to the transfer, or conveyance of his property, is found: "Or if he has given any fraudulent preference, contrary to the provisions of this act, or made any fraudulent payment, gift, transfer, conveyance, or assignment of any part of his property;" . . . "or if he has, in contemplation of becoming a bankrupt, made any pledge, payment, transfer, assignment, or conveyance of any part of his property, directly or indirectly, absolutely or conditionally, for the purpose of preferring any creditor or person having a claim against him, or who is or may be under any liability for him, or for the purpose of preventing the property from coming into the hands of the assignee, or from being distributed under this act, in satisfaction of his debts." Now, it is obvious that these fraudulent acts, thus enumerated as acts that will bar a discharge, with the exception before stated, must have been committed after the bankrupt act passed. The words before quoted, "since the passage of this act," apply to and limit the meaning of all the subsequent enumerations. There was certainly no necessity for incumbering the section with the useless prefix of these words to each specific act subsequently designated as bar to a discharge. Section 35 of the act shows clearly that it was not the intention of congress that fraudulent acts, committed prior to the passage of the law, should prevent the bankrupt's discharge. It declares that any fraudulent disposition of property by an insolvent, in contemplation of insolvency, shall be absolutely void; and the assignee of the bankrupt is authorized to sue for and recover any property fraudulently assigned or conveyed, or the value thereof, as assets of the bankrupt. And, if it be true that Hollenshade has disposed of his property in the fraudulent manner asserted in the objections filed to his discharge, it would be the duty of the assignee, by a proper judicial proceeding, to have the facts investigated; and it would be the obvious duty of the court, if the fraud was substantiated, to declare the transfers and conveyances void, and adjudge the property to be vested in the assignee, for the benefit of creditors. That it was the intention of congress, that frauds committed prior to the passage of the act should be thus investigated, and the rights of creditors thus protected, is most obvious. It certainly was not contemplated nor intended that these questions of fraud should be tried and decided on objections made to the discharge of the bankrupt, in which the transferees or grantees of the property are not parties and have no opportunity of asserting and vindicating their rights.

But the pressure of other duties will not permit a more thorough investigation of this question; and I am relieved from the necessity of doing so by a very learned judicial decision, in which this point is elaborately considered and decided. I refer to a decision of Judge Field. In re Rosenfield [Case No. 12,058]. After a critical analysis of section 29 of the bankrupt act, the learned judge reaches the conclusion that "a fraudulent conveyance made, or a fraudulent preference given, before the passage of the bankrupt act, are, neither of them, good grounds on which to oppose a discharge." And again: "By the term 'fraudulent preference,' used in item 9 of section 29, is meant only a preference in fraud of the bankrupt act; that is, contrary to its provisions." Receiving Judge Field's argument on this point as altogether conclusive, I can not hesitate to adopt it and follow his decision. I am sustained, in this view of the bankrupt act, by the published works of the learned commentators upon it. James, Bankr. Law, 129; Avery & H. Bankr. 214.

The first six grounds of opposition to the discharge are therefore overruled. The seventh, eighth, and ninth objections seem to be within the enumeration of section 29, of the grounds which will be a bar to a discharge. These are therefore referred to Register E. P. Cranch, who will take the testimony and report the same to this court.

I may state, that after the foregoing was written, I noticed, among the papers, a further objection to the discharge of the bankrupt, by J. M. V. Lee, asserting that he is a creditor, and setting forth a ground of opposition arising from a transaction occurring since the passage of the bankrupt law. It is not indorsed as filed, and the court is not advised when it was filed. The counsel for the bankrupt not having seen this paper,

I have declined including it in the order for the reference to the register. If counsel consent that it should be referred, with the other objections, it may be included in the order. If they wish to except to it, they can be heard hereafter.

HOLLEY (AULTMAN v.). See Case No. 656.

HOLLEY (UNITED STATES v.). See Case No. 15,379.

HOLLIDAY (GORDON v.). See Case No. 5,610.

HOLLIDAY (MOORE v.). See Case No. 9,765.

HOLLINGS (ASHCROFT v.). See Case No. 579.

HOLLINGSHEAD (KURTZ v.). See Cases Nos. 7,952 and 7,953.